IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN HAYLEY AND<br>LAUREN HAYLEY,<br>     *Plaintiffs,*<br><br>v.<br><br><br>MERIDIAN SECURITY INSURANCE<br>COMPANY<br>     *Defendant.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:23-CV-00055 |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant, Meridian Security Insurance Company ("Defendant" or "Meridian"), files this Notice of Removal of the civil action originally filed in the 89th Judicial District of Wichita County, Texas entitled *John Hayley and Lauren Hayley v. Meridian Security Insurance Company*; Cause No. DC89-CV2023-0779 (the "State Court Action"). An index of attachments is attached hereto as Exhibit "A," in accordance with Local Rule 81 of the United Stated District Court for the Northern District of Texas. In support of this Notice of Removal, Defendant shows the Court as follows:

**I.     PROCEDURAL BACKGROUND**

1.     On April 21, 2023, Plaintiffs, John Hayley and Lauren Hayley (hereinafter "Plaintiffs"), filed their Original Petition ("Plaintiffs' Petition") asserting: (1) breach of contract; (2) violations of the Deceptive Trade Practices Act; (3) breach of the duty of good faith and fair dealing; and (4) noncompliance with the Texas Insurance Code including violations of Chapters 541 and 542 of the Texas Insurance Code. *See* Exhibit "B," Plaintiffs' Original Petition.

2.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is federal diversity jurisdiction.

3. On or about April 28, 2023 Defendant was served with a copy of the Citation and Plaintiffs' Original Petition. *See* Exhibit "C," Affidavit of Service. Plaintiffs' Original Petition was the first document served on Defendant in the State Court Action.

4. Defendant timely filed this Notice of Removal on May 26, 2023, which is within the thirty-day time period for removal permitted under 28 U.S.C. § 1446(b).

## II.   ARGUMENTS AND AUTHORITIES

5. Removal of the State Court Action is proper on the basis of diversity of citizenship jurisdiction. Under 28 U.S.C. § 1332(a)(2), diversity jurisdiction over a civil action exists in a federal district court when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when none of the parties in interest properly joined and served as defendants are citizens of the same state as plaintiff. 28 U.S.C. §§ 1332(a)(2). Here, both requirements for subject matter jurisdiction based on diversity of citizenship are met in this case.

**A. Diversity of Citizenship Exists Between All Parties**

6. Complete diversity of citizenship exists between Plaintiffs and Meridian. An individual is a citizen of the state in which the individual is domiciled. An individual is domiciled in the state in which he resides with the intent to remain indefinitely. An individual may have only one domicile and may not change domicile until physically present in a different state with the intent to remain indefinitely. According to Plaintiffs' Original Petition, Plaintiffs are residents of Wichita County, Texas. Exhibit B at ¶2.1. Therefore, Plaintiffs are domiciled and citizens of the State of Texas.

7. A corporation is a citizen of every state under the laws of which it is incorporated and in the state in which it has its principal place of business. Meridian is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State

of Indiana and its principal place of business in the State of Indiana. Therefore, Meridian is a citizen of the State of Indiana.

8. Accordingly, the Parties are completely diverse because Plaintiffs are citizens of Texas and Meridian is a citizen of Indiana for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

**B. The Amount in Controversy Exceeds $75,000.00**

9. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to the plaintiffs' pleadings. The damages the plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "Where . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." See *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001).

10. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to Plaintiffs' Petition. Plaintiffs' Petition states that "Plaintiffs seek monetary relief over $250,000 but not more than $1,000,000." *See* Exhibit "B" at ¶ 3.3. As such, Plaintiffs' Petition specifically alleges there is more than $75,000.00, exclusive of interest and costs, in controversy in this lawsuit. *Id*.

### III. INFORMATION FOR THE CLERK

11. Plaintiffs: John Hayley and Lauren Hayley

12. Defendant: Meridian Security Insurance Company

13. The case is pending in the state court of Wichita County, Texas under Cause No. DC89-CV2023-0779:

>89th Judicial District, Harris County, Texas
>
>Honorable Charles Barnard
>Wichita County Courthouse
>900 7th Street
>Wichita Falls, Texas
>Ph: (940) 766-8100

14. A civil cover sheet is attached.

15. A copy of Plaintiffs' Original Petition is attached as Exhibit "B."

16. A copy of service on Defendant is attached as Exhibit "C."

17. A copy of Defendant's Original Answer is attached as Exhibit "D."

18. A copy of the state court's docket sheet is attached as Exhibit "E" and copies of all pleadings are attached as set forth above.

19. A copy of the List of Counsel of Record is attached as Exhibit "F."

20. There are no other pleadings in state court. There are no orders that have been signed by the county court judge.

21. Counsel for Plaintiffs:

>Sophia J. Johnson
>Texas Bar No. 24103214
>HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
>D/B/A INSURANCE CLAIM HQ
>D/B/A INSURANCE CLAIM LAWYERS, INC.
>3540 S. I-10 Service Rd. W., Ste. 300
>Metairie, Louisiana 70001
>Telephone: (504) 684-5200
>Facsimile: (504) 613-6351
>Email: sjohnson@hstalaw.com
>Email: sredding@hstalaw.com
>***Attorney for Plaintiffs***

22. Counsel for Defendant:

>Clinton J. Wolbert

        State Bar No. 24103020
        Alexander Masotto
        State Bar No. 24126023
        910 Louisiana Street, Suite 4300
        Houston, Texas 77002
        Email: clinton.wolbert@phelps.com
        Email: alexander.masotto@phelps.com
        Telephone: (713) 626-1386
        Facsimile: (713) 626-1388

## IV.   CONCLUSION AND PRAYER

23.   The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because (1) Plaintiffs are citizens of Texas, (2) Defendant is not a citizen of Texas and (3) the amount in controversy, based on Plaintiffs' pleadings, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

24.   Defendant demands a jury in this removed action.

25.   THEREFORE, Defendant Meridian Security Insurance Company respectfully requests that the above-entitled action be removed from the 89th District Court in Wichita County, Texas to the United States District Court for the Northern District of Texas, Wichita Falls Division.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

        By: */s/ Clinton J. Wolbert*
          Clinton J. Wolbert
          State Bar No. 24103020
          910 Louisiana Street, Suite 4300
          Houston, Texas 77002
          Email: clinton.wolbert@phelps.com
          Telephone: (713) 626-1386
          Facsimile: (713) 626-1388
        **ATTORNEY FOR DEFENDANT**

**OF COUNSEL:**

Paige C. Jones
Texas Bar No. 24054609
Alexander J. Masotto
Texas Bar No. 24126023
Phelps Dunbar LLP
2102 E. State Highway 114, Suite 207
Southlake, Texas 76092
Telephone: (817) 488-3134
Email: paige.jones@phelps.com
Email: alexander.masotto @phelps.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On this 26th Day of May 2023, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I therefore certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

Sophia J. Johnson
Texas Bar No. 24103214
HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
D/B/A INSURANCE CLAIM HQ
D/B/A INSURANCE CLAIM LAWYERS, INC.
3540 S. I-10 Service Rd. W., Ste. 300
Metairie, Louisiana 70001
Telephone: (504) 684-5200
Facsimile: (504) 613-6351
Email: sjohnson@hstalaw.com
Email: sredding@hstalaw.com
**ATTORNEYS FOR PLAINTIFFS**

                                                     */s/ Clinton J. Wolbert*
                                                     Clinton J. Wolbert